Civil Action No. _____  4-25CV-1126P

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

**CHARLOTTE CARROLL,**
Plaintiff,

v.

**DONALD ROBERT PIERSON II,** in his individual and official capacity,
**PRISCILA MARTINEZ DELVAL,** in her individual and official capacity,
**J.P. MORGAN CHASE,** in an individual capacity,
**ALLISON COOK,** in her individual capacity,
Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND OTHER RELIEF UNDER 42 U.S.C. §§ 1983, 1985, 1986

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and 1986.

2. Venue is proper in this District under 28 U.S.C. § 1391 because the acts complained of occurred in Tarrant County, Texas, within the Northern District of Texas, Fort Worth Division.

### II. PARTIES

3. Plaintiff **Charlotte Carroll** is a resident of Tarrant County, Texas, and was a litigant in cause no. 2018-001358-1 in Tarrant County Court at Law No. 1.

4. Defendant **Judge Donald Pierson** is the presiding judge of County Court at Law No. 1, Tarrant County, and is sued in his official and individual capacities.

5. Defendant **Priscila Martinez Delval** is the Court Coordinator of County Court at Law No. 1, Tarrant County, and is sued in her official and individual capacities.

6. Defendant **Allison Cook** is an attorney licensed in Texas, sued in his individual capacity.

7. Defendant **J.P. Morgan Chase** is sued in their individual capacity.

### III. FACTS

8. On **September 26, 2018**, Judge Pierson entered judgment against Plaintiff while she was physically unable to attend due to catastrophic flooding and after she provided notice.

9. That judgment has since been used by multiple courts to declare Plaintiff a "vexatious litigant," effectively barring her access to the courts.

10. Plaintiff has filed multiple motions seeking relief—including a **Verified Petition for Relief Due to Fundamental Error** and a **Motion to Declare Judgment Void for Denial of Due Process**.

11. Defendants Pierson and Delval have **refused to schedule or hear these motions**, citing "lack of jurisdiction" and threatening sanctions under Chapters 10 and 11 of the Texas Civil Practice & Remedies Code.

12. Defendant Delval, acting on behalf of the court, has repeatedly sent written communications refusing to process or set Plaintiff's motions.

13. These refusals perpetuate and compound the original due process violation, leaving Plaintiff without access to meaningful judicial review.

14. **The September 26, 2018 judgment has been repeatedly misused to wrongfully declare Plaintiff a vexatious litigant**. This misuse has magnified the harm caused by the denial of due process, as it has unjustly restricted Plaintiff's access to the courts.

15. **The vexatious litigant designation was premised on the void judgment and was therefore wrongful**. This context demonstrates that Defendant Pierson's refusal to address Plaintiff's pending motions is motivated not only by procedural excuses **but also by an intent to avoid facing the misconduct he himself perpetrated**.

## IV. CONSTITUTIONAL BASIS

16. **Fourteenth Amendment – Due Process:** Plaintiff has a constitutional right not to be deprived of liberty or property without due process of law. Defendants' refusal to allow Plaintiff a hearing and reliance on a void judgment deprived her of a meaningful opportunity to be heard.

17. **First Amendment – Right to Petition the Government for Redress of Grievances:** Plaintiff has a constitutional right to access the courts. By refusing to schedule Plaintiff's motions, Defendants obstructed her ability to petition for redress of grievances.

18. **Equal Protection – Fourteenth Amendment:** The misuse of the vexatious litigant label has been applied to Plaintiff in a discriminatory and retaliatory manner, singling her out for harsher treatment and denying equal access to judicial remedies.

19. **Privileges and Immunities – Article IV, § 2 & Fourteenth Amendment:** Plaintiff is entitled to the privileges of citizenship, including open access to the courts, which Defendants have obstructed.

20. **Civil Rights Act of 1871 – 42 U.S.C. §§ 1983, 1985, 1986:** Defendants' actions under color of law constitute deprivation of constitutional rights, conspiracy to interfere with those rights, and failure to prevent violations despite knowledge and authority to do so.

---

## V. LIMITS ON QUASI-JUDICIAL IMMUNITY FOR DEFENDANT PRISCILA MARTINEZ DELVAL

**Quasi-Judicial Immunity Requires a Judge's Actual Order.** Quasi-judicial immunity is not absolute. The Supreme Court and the Fifth Circuit have recognized that immunity for non-judicial officers extends only to acts taken pursuant to a judge's explicit direction or a court order. See *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). **Clerks and coordinators may not cloak themselves with judicial immunity where they independently refuse to perform ministerial functions required by law.**

**Here, Defendant Delval refused to set Plaintiff's motions for hearing without any written order of the Court directing her to do so.** The refusal was made on her own initiative, premised on an asserted "lack of jurisdiction" and threat of sanctions. **Such discretionary judgment exceeds her ministerial role.** Court coordinators and clerks cannot substitute their judgment for that of a judge, **nor can they create new barriers to court access** absent a lawful directive.

**Clerks' Acts Are Ministerial, Not Judicial**

*McCray v. State of Maryland*, 456 F.2d 1 (4th Cir. 1972); *Cook v. City of Topeka*, 654 P.2d 953 (Kan. 1982); *McLallen v. Henderson*, 492 F.2d 1298 (8th Cir. 1974).

Moreover, even when judges act in their judicial capacity, **immunity does not extend to declaratory and injunctive relief.** See *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984) (holding that judicial immunity does not bar prospective relief against ongoing constitutional violations); *Lezama v. Justice Court*, A025829.

**Thus, Defendant Pierson may not invoke immunity to avoid judicial scrutiny where the very relief sought is an injunction against continuing constitutional violations.**

Defendants' reliance on quasi-judicial immunity therefore fails because: **(1)** no judicial order directed Delval's refusals; **(2)** Pierson's continued reliance on a void judgment constitutes an ongoing denial of constitutional rights; and (3) immunity doctrine **does not shield** prospective declaratory or injunctive relief from federal review.

### No Good-Faith Defense

Defendants acted outside lawful authority.

### Irreparable Harm, Balance of Harms, and Public Interest

• *Irreparable Harm*: Denial of review is per se irreparable. *Harris v. McDonnell*, 988 F. Supp. 2d 603 (E.D. Va. 2013).

•*Balance of Harms*: Plaintiff's harm outweighs any administrative inconvenience.

•*Public Interest*: The public has a strong interest in protecting constitutional rights and open access to courts.

---

## VI. STARE DECISIS AND CONSTITUTIONAL SUPREMACY

The Constitution of the United States is the supreme law of the land. U.S. Const. art. VI, cl. 2. State courts, including county courts of limited jurisdiction, **remain bound by controlling federal constitutional precedent.** Where state procedures conflict with federal constitutional protections, the Constitution must prevail.

Stare decisis requires this Court to follow settled precedent establishing that litigants may not be deprived of liberty or property without due process of law. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). **It is equally settled that access to the courts is a fundamental right protected by the First and Fourteenth Amendments.** *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). **The vexatious litigant designation at issue here rests upon a void judgment entered in violation of due process, and its continued enforcement runs directly contrary to these binding precedents.**

Neither convenience nor state statutes, **including the Texas vexatious litigant scheme,** can override federal constitutional guarantees. See *Ex parte Young*, 209 U.S. 123, 160 (1908) (state

officers may be enjoined when enforcing laws that violate federal rights). Thus, Defendants' assertion of state-law **"jurisdictional" limits** cannot excuse their refusal to provide a hearing or to allow Plaintiff to challenge a void judgment.

**This Court must adhere to the principle of constitutional supremacy**: where a conflict arises between state practice and federal constitutional mandates, **the Constitution governs**.

Accordingly, the doctrines of stare decisis and supremacy **compel recognition that Plaintiff's due process** and access-to-court rights override any asserted procedural bar advanced by Defendants.

---

## VII. CLAIMS FOR RELIEF

### Count I – 42 U.S.C. § 1983 (Access to Courts & Due Process - First & Fourteenth Amendment, 18 U.S.C. § 242)

Defendants, acting under color of law, deprived Plaintiff of her First & Fourteenth Amendment rights by refusing to provide access to the courts and refusing to schedule motions for hearing.

Defendants' ongoing refusal is not a neutral administrative action but stems from the misuse of the September 26, 2018 judgment to wrongfully declare Plaintiff a vexatious litigant. **Defendant Pierson has a personal stake in preventing reconsideration of the matter because it would expose his own misconduct in depriving Plaintiff of due process.**

---

### Count II – 42 U.S.C. § 1983 (Injunctive/Declaratory Relief Against Judge - Fourteenth Amendment, 18 U.S.C. § 242)

Defendant Pierson, acting under color of law, continues to deprive Plaintiff of due process by maintaining the void 2018 judgment as a basis for vexatious litigant orders and refusing review.

**While judicial immunity bars damages for judicial acts, declaratory and injunctive relief are appropriate to prevent continuing violations.**

---

### Count III – 42 U.S.C. § 1985(2) & (3) (Conspiracy to Interfere with Civil Rights – First Amendment, 18 U.S.C. § 241, 18 U.S.C. § 242)

Defendants Pierson and Delval conspired to obstruct Plaintiff's access to the courts and to perpetuate the vexatious litigant designation, thereby depriving her of equal protection and access to judicial relief.

---

**Count IV – <u>42 U.S.C. § 1986</u> (Failure to Prevent Civil Rights Violations - 18 U.S.C. § 241, 18 U.S.C. § 242)**

Each Defendant, having knowledge of the unlawful conspiracy to deprive Plaintiff of rights, had the power to prevent further harm but failed or refused to act.

---

## VIII. DAMAGES & RELIEF REQUESTED

<u>**Plaintiff seeks:**</u>

**a.** A declaratory judgment that the **September 26, 2018** order is void for denial of due process;

**b.** An injunction prohibiting Defendants from enforcing or relying on the void judgment and vexatious litigant orders as an excuse to not schedule hearings and hear Plaintiffs Motions;

**c.** An injunction requiring Defendants to set Plaintiff's pending motions for hearing;

**d.** Plaintiff expressly reserves her right to seek **compensatory and punitive damages in a later action**, once the immediate constitutional violations have been addressed through equitable relief;

**e.** Costs, legal fees, and all other relief to which Plaintiff is justly entitled.

**If the Court determines that any Defendant is not properly named in this Complaint, Plaintiff respectfully requests notice of that determination and an opportunity to amend the Complaint accordingly.**

---

## IX. JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a Jury.

---

## X. VERIFICATION

I, **Charlotte Carroll**, declare under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am the Plaintiff in this action.
2. I have read the foregoing Verified Complaint.
3. The facts stated are true to the best of my knowledge, information, and belief.

Executed this **9th** day of **October**, **2025** in Tarrant County, Texas.

_____
Charlotte Carroll, Plaintiff

---

**Dated:** October 9, 2025

Respectfully submitted,

**Charlotte Carroll**

1009 Oakwood Lane #122234
Arlington, Texas 76012
989-327-4194
bizphonemessages@yahoo.com

*Chase*

Limitless possibilities start with Dallas Public Library          kids   teens   adult learning   volunteer   job resources

Home   Catalog   My Account   Events   Databases   Services   Support Us   Locations / Hours   About Us

**Sorry for the inconvenience, but our maintenance continues. Some library services will not be available online or at our branch locations. Thank you for your patience!**
**Click here for more information.**
**To see our new website, go to https://www.dallaslibrary.org**

**To contact Vital Statistics for birth and death certificates, please call (214) 670-3092.**




# All you need is a library card - How do I get one?

# Todo lo que necesita es una tarjeta de la biblioteca - ¿Cómo obtengo una?

   

## Featured Services

   

City of Dallas | Employment | Support Us | Newsletters | Contact Us | Site Map
Dallas Public Library 1515 Young Street Dallas, TX 75201
214-670-1400 | Ask a Librarian

JS 44 (Rev. 04/21) — TXND (Rev. 4/22)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK CARROLL and CHARLOTTE CARROLL

## DEFENDANTS
DONALD ROBERT PIERSON II, ET AL

**(b)** County of Residence of First Listed Plaintiff: **TARRANT**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **TARRANT**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*

OCT 10 2025 PM 12:19
RECEIVED-USDC-NDTX-FW

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

(Nature of Suit checkboxes — none selected)

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983, 1985, and 1986

Brief description of cause:
Deprivation of rights under color of law, fraud upon the court, Fifth & Fourteenth Amendments, conspiracies

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10-10-2025

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE